NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1253n.06

12-3286

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| KURT BUCKNER, | ) | **FILED** |
|  | ) | *Dec 05, 2012* |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED |
|  | ) | STATES DISTRICT COURT FOR THE |
| EDITH GILLILAND and RANDY J. | ) | NORTHERN DISTRICT OF OHIO |
| PARKER, in their individual capacities, | ) |  |
|  | ) |  |
| Defendants-Appellants. | ) |  |

Before: DAUGHTREY, COLE, and GIBBONS, Circuit Judges.

PER CURIAM. The defendants, Edith Gilliland and Randy J. Parker, appeal from

the district court's denial of their motion to dismiss the complaint filed by plaintiff Kurt

Buckner, based on diversity jurisdiction, that alleged causes of action for defamation,

intentional interference with a business relationship, and negligent investigation. The

district court granted the motion under Federal Rule of Civil Procedure 12(b)(6) on the

claim of negligent investigation, concluding that Ohio tort law did not recognize such a

cause of action. *See Buckner v. Gilliland*, 846 F. Supp. 2d 799 (N.D. Ohio 2012). That

ruling is not contested on appeal. However, the defendants seek to have us reverse the

district court's denial of relief on the remaining two claims, arguing that the pleadings do

not allege sufficient facts to establish a plausible case that the defendants acted with the

malice, recklessness, or bad faith that would abrogate their right to statutory immunity. We find no reversible error and affirm.

Buckner's complaint alleged that the parties fell into a dispute when Gilliland, an attorney for Richland County Children's Services, made an inaccurate statement in court about a case to which Buckner was assigned as a counselor at Family Life Counseling and Psychiatric Services, which processed virtually all of the Children's Services cases in Richland County. When his complaint about the matter to Children's Services produced no results, Buckner decided to approach Gilliland directly. When he spotted Gilliland arriving at Children's Services as he was leaving, he parked next to her in order to speak to her about the case. Gilliland told Buckner that she thought it odd that he had approached her about the matter and, in effect, accused him of stalking her. Buckner ended the conversation at that pointand drove away, but Gilliland did not leave it there. Instead, she reported to Parker, her supervisor, that Buckner had "blocked" her in the parking lot. As a result, Parker decided to prohibit Buckner from working on Children's Services cases. In his complaint, Buckner charged that his total lack of access to cases, coupled with the damage to his reputation resulting from Gilliland's misrepresentations, compelled him to resign his position at Family Services. He eventually moved to another state and, subsequently, filed this action.

The defendants moved to dismiss, contending that they were employees of a political subdivision of the State of Ohio, as provided by Ohio Revised Code § 5153.01,

and were therefore immune from suit unless the plaintiff could establish an exception to statutory immunity under Ohio Revised Code § 2744.03(A)(6). Among those exceptions is subsection (A)(6)(b), which permits suit against a state employee "whose acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner."

Correctly applying the relevant standard, the district court pointed out that to survive a Rule 12(b)(6) motion to dismiss, "a complaint's factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Buckner*, 846 F. Supp. 2d at 802 (citing *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007). In other words, the court noted, "the complaint must contain sufficient factual material to state a claim 'plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The district court then engaged in a detailed analysis of Ohio tort law as applied to the facts of this case and concluded as follows:

> The Amended Complaint sufficiently alleges a claim for defamation against Gilliland in that plaintiff alleges Gilliland made a false and defamatory statement about him to Parker (namely, Gilliland falsely stated to Parker that plaintiff had "blocked" her in the parking lot which could reasonably suggest that Gilliland accused plaintiff of stalking her). In addition, plaintiff has alleged that this statement resulted in plaintiff being compelled to resign from his position at Family Services. Contrary to the defendants' position, plaintiff's allegations are sufficient to overcome any privilege that may apply to Gilliland's statement on a motion to dismiss in that plaintiff alleges Gilliland made the false statement after plaintiff indicated he was going to pursue a false representation Gilliland made in the "Jane Doe" case. At the pleadings stage, this is sufficient to demonstrate that Gilliland did not make the statement in good faith but instead made it intentionally and maliciously in

order to retaliate against plaintiff for pursuing the "Jane Doe" matter and/or to protect herself from plaintiff's pursuit of the matter. . . .

Likewise, plaintiff alleges sufficient facts to withstand dismissal on his claim against Parker for intentional interference with plaintiff's employment relationship with Family Services. Plaintiff's allegations (in particular, his allegations that Parker "used" Gilliland's "defamatory statement" about him "as an excuse to get rid" of him because of his pursuit of the juvenile court matter) are sufficient to suggest that Parker knew of the employment relationship between plaintiff and Family Services and that Parker intended to interfere with that relationship when he sent the fax to Family Services. These allegations are also sufficient to withstand dismissal on the basis of immunity and privilege. Plaintiff's allegations that Parker communicated with Family Services in order to "get rid of" plaintiff for raising concerns about Gilliland's representation in the "Jane Doe" matter are sufficient to support a conclusion that Parker acted with "actual malice, such as: ill will, spite, grudge, or some ulterior motive."

*Id.* at 804-05.

Having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in denying the defendants' motion to dismiss two of the three claims contained in the complaint. Because the reasons for the decision have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the decision of the district court upon the reasoning set out by that court in its published opinion.